IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MEADOWS, | § § | |
| Plaintiff, | § § | No. 4:21cv228 |
| VS. | § § | Jury Trial Demanded |
| EXTERIOR MAINTENANCE RESOURCES, INC., | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff James Meadows files this Complaint against Defendant Exterior Maintenance Resources, Inc.

### Parties

1. Plaintiff James Meadows is an individual residing in Texas.

2. Defendant Exterior Maintenance Resources, Inc. is a Delaware corporation with its main office in Malvern, Pennsylvania. Exterior Maintenance Resources, Inc. may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue is proper because Defendant is subject to personal jurisdiction in this District and thus resides in this District for purposes of 28 U.S.C. § 1391, and because the events at issue took place in this District.

1

**Claim for Relief**

5.  Defendant Exterior Maintenance Services, Inc. is a national landscaping company that does business as Merit Service Solutions ("Merit"). Merit engages in interstate commerce and has annual sales in excess of $500,000. Merit had more than 15 employees at all times during 2019.

6.  Mr. Meadows worked as a production manager for Merit in its Houston office beginning in April 2019. He has worked for many years in the business of installing and repairing irrigation systems for golf courses, cemeteries, and similar types of properties in the Houston area. With Merit, his primary function was repairs and maintenance, rather than installations. Mr. Meadows visited properties, made inspections, provided estimates, and performed repairs. This was non-office work that was mostly manual, and he did not actually manage Merit's business operations or supervise any other employees. He was paid on a salary basis, but did not receive overtime even though he averaged 50 or more hours per week.

7.  Mr. Meadows' supervisor was Mike Swain. In May 2019, Mr. Swain observed Mr. Meadows hugging another man while at a client's property. This led to a torrent of abuse based on Mr. Meadows sexual orientation and his failure to conform to Mr. Swain's conception of how men should behave, *i.e.,* gender stereotyping. Mr. Swain exploded in a profane and threatening tirade, including telling Mr. Meadows that he was going to burn in hell. Mr. Swain said that he was going to get Mr. Meadows fired if he said anything about it. Mr. Swain kicked Mr. Meadows off of the property and told him to "Go cry about it to your boyfriend."

8.  Afterwards, Mr. Swain was unrelentingly hostile to Mr. Meadows. After several months of this, matters came to a head on or about October 17, 2019, when Mr. Swain went on another tirade, calling Mr. Meadows a "mother f**king asshole," calling him lazy and

incompetent, and threatening him physically.  In the course of this confrontation, Mr. Swain struck Mr. Meadows.  Mr. Meadows thought Mr. Swain was trying to pick a fight, but Mr. Meadows did not oblige.  Once again, Mr. Swain kicked Mr. Meadows off of the property.

9. At this point, the harassment had become so severe and pervasive that Mr. Meadows felt obligated to report it to the company.  He reported the matter to Joel Dodd, the branch manager, and to HR in Pennsylvania.  He explained the situation and was assured that HR would investigate.

10. A week later, on or about October 24, 2019, Mr. Dodd suddenly fired Mr. Meadows.  Mr. Dodd claimed that HR had investigated the matter and that the decision had been made to fire him.  Mr. Meadows told Mr. Dodd told that HR had never called him, which seemed to surprise Mr. Dodd.  On the following day, Mr. Meadows received a call from a woman who identified herself as the daughter of Merit's HR director.  She told Mr. Meadows that his number was being blocked to prevent him from calling Merit's HR department.  This turned out to be true, as Mr. Meadows was later unable to reach anyone at Merit to obtain information about COBRA coverage.  As a result, Mr. Meadows found himself uninsured.

11. Later, after Mr. Meadows filed for unemployment compensation, Merit apparently invented a claim that it had written him up for poor performance on October 21, 2019, and that he had stormed out of the meeting without signing the write up.  This never happened.  In fact, Mr. Meadows never heard about any supposed write-up in October 2019 until the TWC investigator told him about it in connection with Mr. Meadows' application for unemployment benefits, which Merit was opposing.  The TWC investigator approved Mr. Meadows' unemployment benefits.

12. Mr. Meadows filed a charge of discrimination with the EEOC and TWC on November 22, 2019.  The EEOC issued a right to sue letter on December 11, 2020.

13. All conditions precedent have occurred or been satisfied.

## Harassment and Wrongful Termination

14. Merit violated Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code by harassing Mr. Meadows based on his sexual orientation and on gender stereotyping, and by terminating Mr. Meadows based on his sexual orientation, on gender stereotyping, and in retaliation to his opposition to the harassment.

15. Merit is therefore liable to Mr. Meadows for (a) back pay, (b) loss of benefits, (c) compensatory and punitive damages, (d) reinstatement or in the alternative front pay, (e) attorneys' fees, (f) pre- and post-judgment interest as provided by law, and (g) all costs of court.

## Non-Payment of Overtime

16. Defendants violated the FLSA by failing to pay Mr. Meadows overtime. Mr. Meadows was a non-exempt salaried employee who was hired on the basis of a 40-hour work week. In fact, he averaged 50 or more hours per week, but was not paid overtime.

17. Mr. Meadows is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

For the foregoing reasons, Merit should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Meadows and against Merit for back pay (including unpaid overtime), loss of benefits, liquidated damages based on the overtime, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863
dholmes282@aol.com

ATTORNEY FOR PLAINTIFF